ANDERS, C. J., and SCOTT, HOYT and STILES, JJ., concur.

---

[No. 545. Decided July 19, 1892.]

HOYT & BROTHER COMPANY, *Appellant*, v. E. D. SMITH AND MARGARET SMITH, *Respondents*.

#### MORTGAGES—FORECLOSURE—ATTORNEY'S FEES.

In an action for the foreclosure of a mortgage which provided that in case of settlement being made after suit, the sum of $250 should be included as attorney's fees and taxed as part of the costs, the fact that defendant, before judgment, paid into court a sum of money equaling the principal and interest, sheriff's and clerk's costs, at the time, which sum plaintiff receipted for, does not entitle defendant to a judgment dismissing the action.

*Appeal from Superior Court, Snohomish County.*

*Greene & Turner,* for appellant.
*Bell & Austin,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On April 7, 1891, appellant brought an action against respondents to foreclose a real estate mortgage. The mortgage provided that it should be lawful for appellant to include in the judgment that should be recovered in case of suit the sum of $500, or in case of settle-

ment or payment being made after suit, the sum of $250 as attorney's fees, to be taxed as part of the costs in such suit.   After suit was commenced, proceedings were had, not necessary to be noticed here, but before judgment the respondents paid into court the sum of $5,180, that being the amount of principle and interest, sheriff's and clerk's costs at the time.   Defendants concede that the amount paid did not include any part of the attorney's fees provided for in the mortgage.   The amount deposited was afterwards paid by the clerk to the appellant, and appellant receipted for the same.   No answer was ever filed in the case.   Afterwards, on the 30th day of June, 1891, the action was dismissed on the motion of the respondents, on the ground, alleged in the motion, that the costs of the action had been paid in full, together with all costs taxed in said action.   On the 28th day of August, 1891, appellant made a motion to vacate and set aside the judgment of dismissal, which motion was denied.   Appellant thereupon appealed from the judgment of dismissal, and from the order denying the motion to vacate the judgment.

It is claimed by the appellant in this case that he had no notice of respondent's motion to dismiss the action, notwithstanding the record shows the acceptance of service of the notice, and affidavits are offered in support of that contention.   We are of the opinion that the statement of facts as certified to by the judge, which certificate is to the effect that it contains all the testimony in the case, does not warrant his action, either in dismissing the action or in overruling appellant's motion to vacate.   No answer was filed in the cause, and the allegations of the complaint must be taken to be true.   It is certain that the allegation in the motion to dismiss, that the demand sued for, together with the costs, had been paid, is not true, for it is not contended anywhere that the agreed sum of $250 attorney's fees was paid.   We see nothing in the record showing either that

the amount paid into court was paid as a tender, or that it was accepted as a tender.    For all that appears by the record, it was so much money paid into court by the respondents for the benefit of the appellant, without any condition whatever, and the acceptance of it by the appellant in no way affects his right to the collection of the balance shown to be due by the complaint.    The cases cited by the respondents are not in point.    There is nothing to indicate in this case whether the amount paid in was intended to be exclusive of the attorney's fees, or whether it covered the attorney's fees, and excluded a portion of the principal claimed.    As a matter of law, the plaintiff was not bound by the acceptance of the amount deposited, and as a matter of fact the amount claimed to be due was not paid.

The judgment is reversed, and the case remanded, with instructions to vacate the order dismissing the case.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.